

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-2372
Re: Does the minute of the
Highway Commission de-
scribed constitute an
award of contract for
the stated project to
Russ Mitchell, Inc.

We are in receipt of your letter of May 16, 1940, wherein you submit for the opinion of this Department the following question, which we copy therefrom:

"On April 15, 1940, the Highway Commis-
sion opened proposals for the construction
of an underpass on Highway No. 78 at Leonard
in Fannin County. Russ Mitchell, Inc., con-
tractors, were lowest responsible bidders on
the project. On May 9, 1940, the Highway Com-
mission passed the following minute:

'CONTRACT AWARD

County-Fannin                    Page 1 of 1 Pages
Division No. 1

On Bids received April 15, 1940, contract for
construction of M-K-T Railroad Underpass and
Roadway Approaches, a distance of 0.397 miles,
on State Highway No. 78, and to be known as
State Project Control No. 280 Section 1 Job 5
(Federal Project FAGM No. 803-B Part Unit (1))
is awarded to Russ Mitchell, Inc., Houston,
Texas for $83,600.38, which is the lowest and
best bid.

The bids received are as follows:

1. Russ Mitchell, Inc., Houston,
   Texas ....................$83,600.38
2. L.H.Lacy Company, Dallas,
   Texas...................... 87,214.45
3. Austin Bridge Co. & Austin Road Co., Dallas..... 91,900.35
4. W. R. West, Fort Worth,
   Texas...................... 94,161.69
5. Ben Sira & Company, Dallas,
   Texas...................... 94,293.57
6. Cage Bros. & F. M. Reeves & Sons, Inc., Bishop,
   Texas....................104,252.73

   The Program Allotment is      80,000.00
   The Total Engineer's Estimate (Part. & Non-Part. in Fed. Aid) Incl.
   Engr. & Contg. is            100,890.00
   The Low Bid (Part. & Non-Part. in Fed. Aid) Plus
   10% Engr. & Contg. is         98,004.91

'It is recommended that contract be awarded Russ Mitchell, Inc., Houston, Texas, on their low bid of $83,600.38, subject to the concurrence of the Public Roads Administration.

               s/ C.D. Wells, Construction Engineer

Signed:

D.C.Greer
Chief Engineer, Constr. & Designs

                    Signed:   G. C. Wickline
                              Bridge Engineer

APPROVED:

Julian Montgomery, State Highway Engineer
Robert Lee Bobbitt, Commissioner
Brady Gentry, Commissioner

                    R. J. Hank
                    Superintendent of Aid Projects'

"You will note that the minute awarding
the contract to Russ Mitchell, Inc., has been
conditioned upon concurrence in the award by
the Public Roads Administration. This concur-
rence has not been secured at this time.

"Under the general requirements and cove-.
nants section of our specifications, under
which the proposal was submitted by Russ Mitchell,
Inc., Item 3.2 provides:

'3.2 Award of Contract. The award
of the contract, if it be awarded,
will be to the lowest responsible
bidder. The award, if made, will
be within thirty (30) days after the
opening of the proposal, but in no
case will an award be made until the
responsibility of the bidder to whom
it is proposed to award the contract
has been investigated.'

"On May 15, 1940, Russ Mitchell, Inc. wrote
a letter to the State Highway Engineer stating
that since thirty days had elapsed since the pro-
posals on the project were opened and they had
not been notified of the award, that their pro-
posal be considered null and void and their bid-
der's check returned.

"Will you review the above documents and
facts and advise me at your early convenience if
the minute of the Highway Commission, as set out
above, constitutes an award of the contract to
Russ Mitchell, Inc., as provided for in Item 3.2
of the Specifications."

Before it may be determined whether or not the
contract in question was properly awarded in accordance
with the requirements and time limitations embodied in
Item 3.2 of your specifications, under which the proposal
was submitted by Russ Mitchell, Inc., it must first be es-
tablished that the minute described in your letter resulted
in the consummation of a contract for the described con-
struction project between the State of Texas and the said
Russ Mitchell, Inc., as contractor. This is so because if
no valid and binding contractual obligation was created be-
tween the State and the contractor in question by this

minute evidencing the award, then it becomes immaterial whether or not notice thereof was timely given, under Item 3.2 of your specifications.

Applying the law of contracts to the instant case, it may be said that the bid of Russ Mitchell, Inc., on the stated project, when duly received and opened by the duly constituted State Highway officials, constituted an offer on the part of said contractor to do and perform the work contemplated by this project according to the submitted specifications. On the other hand, the award of this contract to the said Russ Mitchell, Inc., as the lowest and best bidder on this project, when made in accordance with the formalities and requirements of the statute, and by the Highway officials charged with this duty under the statute, constitutes and is an acceptance of the communicated offer of the said Russ Mitchell, Inc., so as to complete the contract, and give rise to legal rights and obligations thereunder.

The only question presented for our consideration in this controversy is the sufficiency of the alleged award, described in your letter, and reflected in the minute of the Highway Commission of date May 9, 1940, to constitute an acceptance of the contractor's offer, so as to give rise to a valid and binding highway construction contract. As we interpret your letter, no question is made here as to the sufficiency of the contractor's offer or bid, because it appears that all statutory and administrative requirements have been fully complied with.

We find in the minute of the Highway Commission of May 9, 1940, passed and entered in connection with the described Highway project, and reproduced in your letter, a patent ambiguity, in that an irreconcilable conflict lies in the language employed therein. The first paragraph of the award states unequivocally and by words of present and immediate operation, that the contract for construction of the described project "is awarded to Russ Mitchell, Inc." Per contra, the last paragraph of the award states as follows:

"'It is recommended that contract be awarded Russ Mitchell, Inc., Houston, Texas, on their low bid of $83,600.38, subject to the concurrence of the Public Roads Administration.'" (Underscoring ours)

Thus, it is readily seen that if the last paragraph quoted above controls the first paragraph of this award,

no final but only a provisional or conditional award has been made for this highway construction contract to Russ Mitchell, Inc., because it is stated in your letter that the concurrence of the Public Roads Administration has not at this writing been obtained. In view of this patent ambiguity, we are, under the authorities, required to resort to extraneous facts, circumstances, regulations, etc., to determine the intent of the Highway Commission in the premises.

To this end, we point to page 71 of "Federal Legislation and Rules and Regulations Relating to Highway Construction" compiled by the Public Roads Administration, and quote Section 8 of Regulation 8 relating to contracts:

"No contract for any project or part thereof shall be entered into or award therefor made by any State without prior concurrence in such action by the Chief of the Bureau of Public Roads, or his authorized representative."

In this connection, there has been submitted to us copy of a letter to you from Mr. J. A. Elliott, District Engineer, for the Public Roads Administration of the Federal Works Agency, of date March 29, 1940, written in connection with the Federal project involved here, and containing, in part, the following language:

"Plans, specifications, and estimate for this project have been reviewed and recommended for approval. You are authorized to advertise for the receipt of bids and to begin work after the award of a contract on any part of the project not specifically excepted hereinafter with the understanding that this authorization is given subject to such changes being made in the plans and specifications as may be indicated below or required by the Chief Engineer. It is understood that no contract for any work on this project will be entered into or award thereof made without prior concurrence in such action by the District Engineer of the Public Roads Administration. It is also understood that no payment on any work done prior to the execution of the project agreement will be made until and unless the agreement is finally executed."

The above quoted regulation of the Public Roads Administration of the Federal Works Agency and the letter written pursuant thereto and in connection therewith were existent and in the files of the Highway Commission at the time of and long before the execution by the Highway Commission and its appointed representatives, of the award in question. These parties contracting on behalf of the State, were fully cognizant of these matters and must have entered the minute in question in keeping with the regulations and requirements of the Public Roads Administration, which appeared to be conditions prerequisite to concurrence by that agency in the contemplated project.

It is therefore our opinion, from the attending facts and circumstances outlined above, that it was not the intention of the Highway Commission, by the described minute, to enter an award or acceptance of the offer of Russ Mitchell, Inc., so as to complete a valid and binding contract between the parties. In view of the existing doubt and the conflicting and ambiguous language in the face of the minute in question, this intention will be accorded a controlling consideration in reaching our conclusion that valid and binding contractual obligations have not been thereby created between the State and the said Russ Mitchell, Inc.

Trusting we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 31, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Pat M. Neff, Jr.
Assistant

PMN:ew



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN